**The below described is SIGNED.**

**Dated: August 09, 2007**

JUDITH A. BOULDEN
U.S. Bankruptcy Judge



---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 07-21107 |
| DUSTIN TERRY NEIL and BRITTANIE OPAL NEIL, | Chapter 13 |
| Debtors. | |

**MEMORANDUM DECISION FINDING NONCOMPLIANCE WITH § 521(a)(1)(B)(iv) AS TO DUSTIN TERRY NEIL ONLY**

### I. INTRODUCTION

Whether Dustin Terry Neil's (Neil) case was dismissed by operation of statute on the 46th day after filing the petition turns on whether the day of filing is or is not included in calculating the 60 days worth of payment advices that he was required to file under 11 U.S.C. § 521(a)(1)(B)(iv).[1]  If the Chapter 13 Trustee's interpretation of the statute is correct, the date of filing is not counted and Neil's case was dismissed.  If Neil's interpretation of the statute is correct, all his pay advices were filed and his Chapter 13 Plan should be confirmed.

---

[1] Future statutory references are to title 11 of the United States Code unless otherwise noted.

## II. JURISDICTION

This Court has jurisdiction over this core matter in the above-captioned bankruptcy case under 28 U.S.C. §157(b)(2)(A).

## III. BACKGROUND

On March 19, 2007, Neil and his wife (collectively the Debtors) filed a Chapter 13 petition. The same day, the Debtors filed copies of certain pay advices in an attempt to comply with § 521(a)(1)(B)(iv), which requires debtors to file copies of all pay advices or other evidence of payment "received within 60 days before the date of the filing of the petition" unless the court orders otherwise.[2] Neil received a pay advice on January 18, 2007 but did not file it with the Court. There are 60 days between and including January 18, 2007 and March 18, 2007, the Sunday preceding the date of filing. Neil did not file the January 18 pay advice because he calculated the 60-day period to include January 19 forward, so that the January 18 pay advice would not have been required under § 521(a)(1)(B)(iv).

After the 46th day after the petition date passed without Neil filing the missing January 18 pay advice, the Chapter 13 Trustee filed an objection to confirmation on the ground that Neil failed to timely file all pay advices required by § 521(a)(1)(B)(iv). At the scheduled confirmation hearing, the Court reserved judgment on whether to confirm the plan as to Neil[3] and allowed the

---

[2] Pay advices or other evidence of payment must be filed within 45 days of the petition date unless, before the 45-day time limit has expired, the debtor requests an extension of time under § 521(i)(3) or the trustee makes a motion under § 521(i)(4). If the debtor ultimately fails to file copies of the required pay advices or other evidence of payment, "the case shall automatically be dismissed effective on the 46th day after the date of the filing of the petition." Section 521(i)(1). Neither Neil nor the Chapter 13 Trustee moved for an extension of time or exception under § 521(i)(3) or (4) before the 45-day time limit expired.

[3] The Court found that the requirements of § 1325 had been met in Brittanie Neil's case and ordered that the proposed plan be confirmed as to her only.

parties to brief the issue of whether Neil's January 18 pay advice is required by § 521(a)(1)(B)(iv). Having now read the documents filed with the Court and conducted independent research and analysis on the matter, the Court issues the following Memorandum Decision.

### IV. DISCUSSION

The issue before the Court is whether Neil complied with § 521(a)(1)(B)(iv) when he failed to file a copy of the January 18 pay advice. Specifically, this Court must determine whether the date of filing of the petition is included when calculating the 60-day period articulated in § 521(a)(1)(B)(iv). Although the difference of a single day may seem trivial, it is pivotal in this case. If the 60-day period includes the date of filing, Neil would be required to file all pay advices received from January 19 to March 19, which he did. If the date of filing is excluded in the 60-day calculation, Neil would be required to file all pay advices from January 18 to March 18, which he did not. For the reasons set forth below, this Court finds that the 60-day period of § 521(a)(1)(B)(iv) does not include the date of filing. Accordingly, Neil did not satisfy the requirements of § 521(a)(1)(B)(iv), and his case was automatically dismissed effective on the 46th day of the case by operation of statute.

In his brief to the Court, Neil argues that the 60-day period should be counted backward beginning on the date of filing. Neil achieves his desired result by analogizing § 521(a)(1)(B)(iv) with § 109(h)(1), which states that for an individual to be a debtor, the individual must receive credit counseling "during the 180-day period preceding the date of filing of the petition." However, this analogy is tenuous at best as courts are currently split on whether the 180-day period of § 109(h)(1) includes the petition date. Neil asks this Court to follow the *Warren* line of

cases that holds that "the date of petition" means a specific time of day, the very moment the petition was filed, so that a debtor could comply with § 109(h)(1) by receiving credit counseling prior to, but the same day as, filing for bankruptcy.[4] Neil argues that because § 521(a)(1)(B)(iv) refers to the "*date* of filing" as opposed to the "*day* of filing," the "court is concerned with the moment of filing" and that he complied with § 521(a)(1)(B)(iv) by filing copies of all pay advices he received in the 60 days beginning January 19 and ending just before he filed for bankruptcy on March 19, 2007.[5]

Finding just the opposite of *Warren*, the *Murphy* line of cases holds that § 109(h)(1) requires the debtor to receive credit counseling sometime in the 180 days prior to, but not including, the date of filing.[6] While both the *Warren* and *Murphy* courts found support for their respective positions,[7] this Court neither explicitly accepts nor rejects the reasoning of either line of cases. As explained below, this Court finds that the language of § 521(a)(1)(B)(iv) is not ambiguous and therefore has no reason to supplement its analysis of § 521(a)(1)(B)(iv) with a tenuous analogy to a section of the Code as to which courts are clearly split.

This Court does not accept Neil's interpretation of § 521(a)(1)(B)(iv) for several reasons. First, Neil's interpretation is contrary to the plain language of the statute. The relevant language in § 521(a)(1)(B)(iv) is not ambiguous. It includes a time period and an event from which to

---

[4] *See In re Warren*, 339 B.R. 475 (Bankr. E.D. Ark. 2006); *In re Hudson*, 352 B.R. 391 (Bankr. D. Md. 2006); *In re Spears*, 355 B.R. 116 (Bankr. E.D. Wis. 2006); *In re Moore*, 359 B.R. 665 (Bankr. E.D. Tenn. 2006).

[5] Debtor's Brief at 2.

[6] *See In re Murphy*, 342 B.R. 671 (Bankr. D.D.C. 2006); *In re Mills*, 341 B.R. 106 (Bankr. D.D.C. 2006); *In re Cole*, 347 B.R. 70, (Bankr. E.D. Tenn. 2006).

[7] *See Moore*, 359 B.R. at 668-670.

cases that holds that "the date of petition" means a specific time of day, the very moment the petition was filed, so that a debtor could comply with § 109(h)(1) by receiving credit counseling prior to, but the same day as, filing for bankruptcy.[4] Neil argues that because § 521(a)(1)(B)(iv) refers to the "*date* of filing" as opposed to the "*day* of filing," the "court is concerned with the moment of filing" and that he complied with § 521(a)(1)(B)(iv) by filing copies of all pay advices he received in the 60 days beginning January 19 and ending just before he filed for bankruptcy on March 19, 2007.[5]

Finding just the opposite of *Warren*, the *Murphy* line of cases holds that § 109(h)(1) requires the debtor to receive credit counseling sometime in the 180 days prior to, but not including, the date of filing.[6] While both the *Warren* and *Murphy* courts found support for their respective positions,[7] this Court neither explicitly accepts nor rejects the reasoning of either line of cases. As explained below, this Court finds that the language of § 521(a)(1)(B)(iv) is not ambiguous and therefore has no reason to supplement its analysis of § 521(a)(1)(B)(iv) with a tenuous analogy to a section of the Code as to which courts are clearly split.

This Court does not accept Neil's interpretation of § 521(a)(1)(B)(iv) for several reasons. First, Neil's interpretation is contrary to the plain language of the statute. The relevant language in § 521(a)(1)(B)(iv) is not ambiguous. It includes a time period and an event from which to

---

[4] *See In re Warren*, 339 B.R. 475 (Bankr. E.D. Ark. 2006); *In re Hudson*, 352 B.R. 391 (Bankr. D. Md. 2006); *In re Spears*, 355 B.R. 116 (Bankr. E.D. Wis. 2006); *In re Moore*, 359 B.R. 665 (Bankr. E.D. Tenn. 2006).

[5] Debtor's Brief at 2.

[6] *See In re Murphy*, 342 B.R. 671 (Bankr. D.D.C. 2006); *In re Mills*, 341 B.R. 106 (Bankr. D.D.C. 2006); *In re Cole*, 347 B.R. 70, (Bankr. E.D. Tenn. 2006).

[7] *See Moore*, 359 B.R. at 668-670.

measure the time period. The relevant time period here is "60 days before" while the critical event is the "date of the filing of the petition." The clear language of the Code directs the Court to compute the relevant period to encompass 60 days before the date of filing. Because Neil filed on March 19, the first day before the date of filing was March 18; two days before the date of filing was March 17, and so on. Counting backward in this manner places the 60th day before filing on January 18. Neil's method of calculation, by excluding January 18 from the 60-day calculation, yields a period of only 59 days before the date of filing. This is contrary to the plain language of the Code. "[W]here the statutory language is clear, [the courts'] sole function ... is to enforce it according to its terms."[8] Congress set the applicable period as 60 days before the date of filing of the petition, not 59 days. Thus, to give effect to all of the words in § 521(a)(1)(B)(iv) and enforce it according to its terms, the Court must compute the applicable period for which copies of Neil's pay advices are required as the 60 days between and including January 18 to March 18, 2007, but excluding the date of filing.

Neil's interpretation of § 521(a)(1)(B)(iv) adds language to the Code that is simply not present. Had Congress intended to require copies of pay advices received on the date of filing, they arguably would have included language such as "received within 60 days before *or on* the date of filing of the petition." Omission of such express reference to pay advices received on the date of filing supports the Court's interpretation that § 521(a)(1)(B)(iv) does not require the debtor to file copies of pay advices received on the date of filing but does require the debtor to

---

[8] *In re Miller*, 55 F.3d 1487, 1489 (10th Cir. 1995) (second and third alterations in original) (quoting *Rake v. Wade*, 508 U.S. 464, 471 (1993)).

file copies of all other pay advices received during the previous 60 days.[9]

Second, this Court does not accept Neil's interpretation of the Code because it deviates, without support, from other bankruptcy courts' current treatment of the 60-day period of § 521(a)(1)(B)(iv). For example, when paraphrasing the requirements of § 521(a)(1)(B)(iv), courts consistently indicate that the relevant time period covers the 60 days before the date of filing by using language like "received in the 60-day period *prior* to filing,"[10] "received within 60 days *prepetition*,"[11] and "received within 60 days *before* the petition date."[12] This Court is not aware of any case in which a court has stated that § 521(a)(1)(B)(iv) requires copies of pay advices received *on* the petition date. Furthermore, at least two courts have explicitly listed the dates for which the debtors' pay advices would be required by giving a 60-day period that did not include the date of filing. In *In re Cloud*, the date of filing was May 2, 2006 and the court explicitly stated that the applicable pay advice period covered the 60 days from March 3 to May 1, 2006.[13] Similarly, in *In re Jackson*, the date of filing was April 28 and the applicable pay advice

---

[9] Neil argues that the "common practice" of Chapter 13 trustees to require copies of pay advices received on the date of filing supports his position that the 60-day period of § 521(a)(1)(B)(iv) includes the date of filing. Debtor's Brief at 2. However, Neil has not cited nor is the Court aware of a single case in which the court found to be automatically dismissed by operation of statute for a debtor's failure to file a copy of a pay advice received on the petition date. The common practice of Chapter 13 trustees is not relevant when determining what is required by the language of the Code.

[10] *In re Reynolds*, --- B.R. ---, 2007 WL 1695091, *3 (Bankr. N.D. Okla. 2007) (emphasis added).

[11] *In re Brickey*, 363 B.R. 59, 65 (Bankr. N.D.N.Y. 2007) (emphasis added).

[12] *In re Calhoun*, 359 B.R. 738, 739 (Bankr. E.D. Mo. 2007) (emphasis added).

[13] 356 B.R. 544, 545 (Bankr. N.D. Okla. 2006).

Case 07-21107   Doc 29   Filed 08/09/07   Entered 08/09/07 13:24:18   Desc Main
Document      Page 7 of 9

period covered the 60 days from February 27 to April 27.[14] In both cases, the courts expressly used a 60-day period that did not include the date of filing of the petition. These cases are contrary to Neil's interpretation of the Code.

Because the Court finds no reason to deviate from the clear language of the statute and current practice of the bankruptcy courts, the Court holds that the 60-day period of § 521(a)(1)(B)(iv) does not include the date of filing but rather the 60 days prior to filing. Accordingly, in this case, Neil was required to file copies of all pay advices received on and between January 18 and March 18, 2007. Neil's failure to file a copy of the January 18 pay advice resulted in failure to comply with the requirements of § 521(a)(1)(B)(iv).

## V. CONCLUSION

This Court has previously rejected the argument that courts have discretion whether or not to dismiss the case if a debtor fails to file copies of all required pay advices.[15] That Neil filed copies of every other pay advice he received is of no consequence to the Court because the Code requires copies of *all* pay advices or other evidence of payment received during the relevant period.[16] "[E]ither all pay advices received by the Debtor were filed with the Court or they were not."[17] The Code "mandates dismissal of cases when debtors fail to timely comply with the

---

[14]    348 B.R. 467, 489 (Bankr. S.D. Iowa 2006).

[15]    *See In re Fawson*, 388 B.R. 505 (Bankr. D. Utah 2006); and *In re Wilkinson*, 346 B.R. 539, 545 (Bankr. D. Utah 2006). *See also In re Ott*, 343 B.R. 264, 268 (Bankr. D. Colo. 2006) ("After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom.")

[16]    *See In re Miller*, --- B.R. ---, 2007 WL 2007676 (Bankr. D. Utah July 12, 2007).

[17]    *Wilkinson*, 346 B.R. at 545.

requirements of § 521(a)(1)."[18]

Because the Court holds that the 60-day period of § 521(a)(1)(B)(iv) in this case includes January 18 to March 18, 2007 and Neil failed to file a copy of the January 18 pay advice, the Court must find that Neil failed to comply with the requirements under this section. In accordance with the Court's rulings in *Fawson* and *Wilkinson*, Neil's failure to file all required pay advices before the expiration of the time limit set forth in § 521(i)(1) resulted in automatic dismissal of his case by operation of statute effective on the 46th day of the case, or May 4, 2007. The clerk's office shall issue a Notice of Dismissal as to Neil pursuant to this Memorandum Decision.

---

[18] *Fawson*, 388 B.R. at 515.

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION FINDING NONCOMPLIANCE WITH § 521(a)(1)(B)(iv) AS TO DUSTIN TERRY NEIL ONLY** will be effected through the Bankruptcy Noticing Center to each party listed below.

Dustin and Brittanie Neil
1856 South 550 West
Lehi, UT 84043
    *Debtors*

Justin O. Burton
6000 South Fashion Place Blvd.
Murray, UT 84107
    *Attorney for Dustin and Brittanie Neil*

Kevin R. Anderson
Standing Chapter 13 Trustee
405 South Main St., Suite 600
Salt Lake City, UT 84111
    *Chapter 13 Trustee*

United States Trustee
Ken Garff Building
405 South Main St., Suite 300
Salt Lake City, UT 84111

Kim R. Wilson
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, 84145
    *Attorney for AmeriCredit Financial Services, Inc.*